IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01890-CMA-MEH

GEORGE W. STRAUB, IV,

    Plaintiff,

v.

BNSF RAILWAY COMPANY,

    Defendant.

---

## MINUTE ORDER
---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 27, 2016**.

    Plaintiff's Second Amended Motion for Leave to Supplement Plaintiff's Response to Defendant BNSF Railway Company's Rule 12(b)(6) Partial Motion to Dismiss [filed December 11, 2015; docket #36] is **denied**. Plaintiff first suggests that the Court convert the Partial Motion to Dismiss to a Motion for Summary Judgment. I do not believe conversion is necessary or appropriate in this circumstance. Plaintiff next requests the Court consider additional information relating to depictions of a railroad locomotive seat adjustment mechanism and to records relating to repairs of said mechanism. This would be relevant if Defendant contended that the slide adjustment mechanism on a locomotive seat was not "one piece, one unit" with the seat, or was not an "integral part of the seat," as alleged by Plaintiff. Second Amended Motion for Leave, at 4-5. Defendant does not so contend, but rather argues that a seat as addressed in the law governing railroads is a seat, and anything other than the seat itself, whether an adjustment mechanism, seat belt, arm rest, padding, back rest, or ability to recline, is not an integral part of a *locomotive*. Finally, the Court does not need the photographs of the seat to decide the issue raised in the Partial Motion to Dismiss, because the parties agree that the slide adjustment mechanism was part of the seat as installed and was not a later add-on, and further that it works just as a slide adjustment mechanism works in a car not equipped with electronic seat adjustment. This is knowledge common to a person of normal understanding and intelligence, and pictures are not necessary to know to what the parties are referring.